### OSWALD v. CAMAC.
### No. 6798.

Circuit Court of Appeals, Fifth Circuit.
June 14, 1933.

James D. Moran, of Tampa, Fla., for appellant.

Phillip E. Buck, of DeLand, Fla., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Jacob Oswald, a citizen of Pennsylvania, filed a bill against Sallie R. Camac, a citizen of Florida, individually, as sole legatee, and as executrix of the last will of her deceased husband, John W. Camac, praying for an accounting in a joint venture with the deceased for the purchase of lands in Florida and for a decree impressing certain described lands with a trust in his favor. The bill was dismissed on motion on the sole ground that plaintiff was guilty of laches in prosecuting the suit. This appeal followed.

As the defense of laches depends entirely upon the allegations of the bill, it is necessary to state it somewhat fully. To avoid confusion, the parties will be hereafter referred to as they appeared in the District Court. The bill substantially alleges: That John W. Camac had successfully operated a real estate business in Pennsylvania, and in Florida after removing thereto; that he was a friend of long standing, in whose honesty and integrity plaintiff reposed the utmost trust and confidence; that about a year after the collapse of the Florida boom Camac requested plaintiff to join with him in the purchase of land in Florida to be selected by Camac on their joint account, each contributing one-half of the purchase price, and plaintiff agreed; that thereafter Camac represented to plaintiff that he had selected an 80-acre tract of land, which could be purchased for $30,000, and requested plaintiff to join in the purchase; that plaintiff agreed and paid over to Camac $15,000 on December 27, 1926; that thereafter Camac further represented to plaintiff that he had selected other lands for their joint account, and on March 14, 1927, plaintiff paid over to him $6,000. Receipts signed by Camac for these amounts are set out in full in the bill, and imply that the money was to be paid for the purchase of a one-half interest in lands in Volusia county, Fla., to be bought for the joint account of plaintiff and Camac.

The bill further alleges: That, although requested, Camac did not furnish plaintiff with a statement of the property purchased on their joint account until the lapse of twenty-one months; that on September 21, 1928, Camac and defendant executed two warranty deeds conveying to plaintiff a one-half interest in some 120 acres of land in Volusia county, Fla.; that on February 9, 1929, Camac and defendant, by another warranty deed, conveyed a one-half interest in 50 acres of land in Volusia county, Fla., to plaintiff. The first deed conveyed four tracts of land of respectively 40, 25, 10, and 10 acres. The second deed conveyed two tracts of land of respectively 30 and 5 acres. The third deed conveyed two tracts of land of respectively 40 and 10 acres. A complete description of the land and notation of recording of the deeds is set out in the bill.

The bill further alleges: That Camac died solvent some eight months after the receipt of the last deed, and his estate is being administered by defendant in the county judges' court of Volusia county, Fla.; that in October 1930, defendant proposed a partition of the property described in the bill, which was agreeable to plaintiff; that plaintiff employed counsel to consummate an amicable partition; that counsel searched the records of Volusia county, and ascertained that title to all the property described in the bill was taken in the individual name of

John W. Camac subsequent to December 27, 1926, but the deeds did not disclose the consideration paid for the land; that counsel instituted inquiries of the grantors, and plaintiff was advised that the 25-acre tract described in the deed executed September 21, 1928, had been sold to Camac at the price of $164 per acre, and the 40-acre tract described in the deed executed February 9, 1929, had been sold to Camac at $100 per acre; that plaintiff was unable to definitely obtain any further information as to the purchase price paid by Camac for the land; that the land is all the same kind and character, namely, cut-over pine land, and the only difference in value would be because of accessibility to the highway; that, on information and belief, the entire purchase price for the land did not exceed $21,000 that plaintiff had paid Camac during his lifetime to be invested for their joint account.

The bill further alleges: That plaintiff had no knowledge of the facts theretofore alleged in the bill until October, 1930; that on October 12, 1930, he filed notice of claim against the estate of Camac in the state court; that, after allowing a reasonable time for the defendant to investigate and adjust his claim, the bill was filed. The original bill is not in the record, but an amended bill upon which the proceedings were subsequently had was filed on August 29, 1931.

■ It is hardly necessary to cite authorities on the subject of laches. Doubtless every possible phase of the question has been passed upon at one time or another by the courts, but, as each case depends for decision upon its own particular facts, fundamental principles are of more moment. Laches does not arise from mere delay. It arises from delay caused by the negligence of one party in asserting his rights during which the position of the other party has so changed that he cannot be put back in the same state because of other factors, such as change of title, expenses incurred that cannot be reimbursed, loss of evidence, or other circumstances, so that it would be inequitable to permit the prosecution of the suit, though the delay may be comparatively slight. Pomeroy's Eq. Jur. (4th Ed.) § 1442, and authorities cited.

■ The allegations of the bill are sufficient to sustain an action for an accounting and to impress the land described therein with a trust in favor of plaintiff if it be shown by competent evidence that the entire purchase price, or the greater portion thereof, was paid with the funds contributed by plaintiff. There is nothing in the bill to show that the land has either increased or decreased in value, that defendant has made improvements, paid taxes, or incurred other expenses for which she cannot recover. The contract of joint adventure does not rest solely in parol. The receipts for money, set out in the bill, are sufficient to show prima facie a contract in writing for the purchase on joint account of land to be selected by Camac. Plaintiff was not required to plead his evidence, and from all that appears from the allegations of the bill the entire agreement may have been in writing.

■ The bill alleges that Camac was in the real estate business. It may be assumed that he kept books and records, and that these are in the hands of his widow and executrix. There should be no difficulty in obtaining the evidence of the grantees on a trial to show the price for which Camac purchased the lands. At least, it does not appear on the face of the bill that Camac was the only witness who could testify to this. It is therefore comparatively unimportant that Camac is dead, and that fact alone would not support the plea of laches. Townsend v. Vanderwerker, 160 U. S. 171, 16 S. Ct. 258, 40 L. Ed. 383; Earle v. Myers, 207 U. S. 244, 28 S. Ct. 86, 52 L. Ed. 191; Nave-McCord Mercantile Co. v. Ranney (C. C. A.) 29 F. (2d) 383.

■ It is evident that the bill was filed in about two and a half years after the last deed was delivered, in less than two years after Camac died, and in less than a year after plaintiff was put upon notice. The statute of limitation had not run. It therefore does not appear that there was any unreasonable delay in starting the action. Considering the friendship between the parties, and the confidence plaintiff had in Camac, it was not negligence to fail to institute inquiries before defendant suggested a partition. It was natural to do so then, as the land might well have been partitioned in kind when relative values were established. Ignorance of one's rights is usually an excuse for delaying the commencement of an action. Pomeroy's Eq. Jur. (4th Ed.) §§ 1447, 1448, and authorities cited.

■ From the allegations of the bill it is apparent that Camac occupied a fiduciary relation to plaintiff. All the essential facts warranting relief are clearly alleged. An allegation of fraud would add nothing material to the bill, and was unnecessary.

The bill has none of the earmarks of a speculative suit, delayed until after the death

of a material party for the purpose of securing an advantage. Instead of supporting the plea of laches, the allegations of the bill clearly negative it. It follows that it was error to sustain the motion to dismiss. The judgment appealed from is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.